```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

CAROLYN HENRY,

                Plaintiff,        Civil No. 07-2402 (JBS)

    v.

COOPER UNIVERSITY HOSPITAL,    **MEMORANDUM OPINION**

                Defendant.

**SIMANDLE**, District Judge:

    This matter is before the Court upon motion of Defendant, Cooper University Hospital, to dismiss on account of Plaintiff's failure to effectuate proper service upon Defendant [Docket Item 6].  THIS COURT FINDS AS FOLLOWS:

    1.  Plaintiff, Carolyn Henry, proceeding pro se, filed this action on May 22, 2007, alleging that Defendant's termination of Plaintiff violated Title VII.  Plaintiff had previously filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dismissed on March 26, 2007.  (Compl. Ex. A.)  The EEOC's dismissal notice contained a "notice of suit rights" which informed Plaintiff that her "lawsuit must be filed within 90 days of [her] receipt of this Notice."  (Id.)

    2.  Plaintiff made no apparent effort to serve the summons and Complaint upon Defendant within 120 days of having filed her lawsuit, and on October 12, 2007, the Court issued a notice of

call for dismissal for lack of prosecution [Docket Item 2].  On October 15, 2007, a summons was issued to Defendant upon Plaintiff's request [Docket Item 3], and the notice of call for dismissal was withdrawn.  Plaintiff attempted to effect service upon Defendant by mailing a copy of the summons and complaint to Defendant by certified mail [Docket Item 5].  Defendant subsequently moved to dismiss pursuant to Rules 12(b)(4) and (5), Fed. R. Civ. P., alleging that Plaintiff's service was improper under the Federal Rules of Civil Procedure [Docket Item 6].

    3.  For the following reasons, the Court will deny Defendant's motion without prejudice to renewal if Plaintiff fails to properly serve Defendant within ten days of the issuance of this Memorandum Opinion and the accompanying Order.  Initially, the Court agrees with Defendant that Plaintiff did not attempt to serve Defendant "within 120 days after the complaint is filed," Fed. R. Civ. P. 4(m), and that when Plaintiff finally attempted to effectuate service, her effort to do so by certified mail did not comply with the requirements set forth in Rule 4(h)(1), Fed. R. Civ. P.[1]  Plaintiff did not attempt to deliver a

---

[1] Rule 4(h)(1) provides that a corporation, partnership, or association must be served:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

copy of the summons and Complaint to any of the individuals identified in Rule 4(h)(B), Fed. R. Civ. P., and, as Defendant correctly argues, New Jersey law does not authorize service of process by certified mail unless "personal service cannot be effected after a reasonable and good faith attempt." N.J. Ct. R. 4:4-3(a). No such attempt was made in this case.

4. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Under Rule 12(b)(5), Fed. R. Civ. P., a party may file a motion asserting insufficient service of process as a defense. The timeliness of a plaintiff's service of process is governed by Rule 4(m), Fed. R. Civ. P., which provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

5. The Court of Appeals addressed the order in which

---

> receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h).

district courts must evaluate whether to dismiss a complaint for untimely service of process or extend time for service under Rule 4(m) in Petrucelli v. Bohringer and Ratzinger:

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.
>
> The Advisory Committee note [on the 1993 amendment to Rule 4(m)] provides some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause. Although the list is not exhaustive, the Committee explained that, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . .

46 F.3d 1298, 1305 (3d Cir. 1995).

6. Under Petrucelli's first step, the Court agrees with Defendant that no good cause has been shown to extend Plaintiff's time to effectuate service, which means that an extension of time to serve is not mandatory under Rule 4(m). While the dismissal without prejudice of the instant Complaint would appear to make a refiling untimely, see infra, Defendant correctly notes that the mere fact of "the running of the statute of limitations does not require the district court to extend time for service of process." Id. at 1306. Moreover, "a pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely serve process." Thomas v. United States, No. 05-332, 2007 WL 3231786, at *4 (D.N.J. Oct. 30, 2007). Plaintiff

having failed to demonstrate good cause for her failure to effectuate proper service upon Defendant, the Court is not obligated to "extend the time for service for an appropriate period" under Rule 4(m).

7.   The Court will nevertheless exercise its discretion and extend Plaintiff's time to effectuate proper service upon Defendant within ten days of the issuance of this Memorandum Opinion and the accompanying Order.  As the Court recognized, supra, the EEOC notice of suit rights, which triggered Plaintiff's ninety-day window for filing suit over her Title VII claim, was issued on March 26, 2007, which would make any subsequent refiling of this action untimely.  While the running of the statute of limitations does not automatically constitute good cause for an extension of time for service under Rule 4(m), the Court may take this factor into account in determining whether to exercise its discretion to authorize an extension of time to effectuate service.  See Petrucelli, 46 F.3d at 1305. The Court also notes that although "[n]otice to a defendant that [it] has been sued does not cure defective service," Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993), the fact that Defendant herein has notice of the nature of Plaintiff's claims discounts any minimal risk of prejudice that might result from the limited extension of time to file that the Court has determined to authorize.

5

8. The Court accordingly finds that, while Plaintiff failed to serve Defendant within 120 days of filing this action, and while Plaintiff's ultimate effort at service was improper, a brief extension of time for Plaintiff to effectuate proper service upon Defendant is appropriate in this case. Plaintiff must serve Defendant within ten days of the entry of this Memorandum Opinion and the accompanying Order, and file an affidavit of service with the Clerk of Court, or the Court will, upon motion by Defendant or sua sponte,[2] dismiss the Complaint due to insufficient service of process. Defendant's motion to dismiss will thus be denied without prejudice to its right to renewal if Plaintiff fails to make proper service in accordance with Rule 4(h), Fed. R. Civ. P., and the directives set forth herein. The accompanying Order will be entered.

**September 17, 2008**      **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            United States District Judge

---

[2] The Court notes that upon issuance of this Memorandum Opinion, it has put Plaintiff on notice that her Complaint may be dismissed on the Court's own motion if she fails to properly serve Defendant within ten days of the entry of the Order accompanying this Memorandum Opinion. See Fed. R. Civ. P. 4(m).